**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCOS PINEDA-OREANA, | No. 07-73334 |
| Petitioner, | Agency No. A028-572-929 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2009 [**]

Before:    ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Marcos Pineda-Oreana, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen deportation proceedings based on ineffective assistance of counsel. We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction pursuant to 8 U.S.C. § 1252.  We review for abuse of discretion the denial of a motion to reopen.  *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005).  We deny the petition for review.

The BIA did not abuse its discretion in denying Pineda-Oreana's motion to reopen as untimely because it was filed more than 16 years after the BIA's April 23, 1990, order dismissing his appeal, and more than ten years after the September 30, 1996, statutory motions deadline.  *See* 8 C.F.R. § 1003.2(c)(2) (motion to reopen deportation proceedings must be filed within 90 days of the final administrative order, or September 30, 1996, whichever is later).  The BIA acted within its discretion in concluding that the evidence submitted with the motion to reopen failed to establish the due diligence required to warrant tolling of the motions deadline.  *See Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (equitable tolling is available to a petitioner who is prevented from filing due to deception, fraud or error, and exercises due diligence in discovering such circumstances).

**PETITION FOR REVIEW DENIED**.